IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| VALENCELL, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | C.A. No. 5:16-cv-00001-D |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| APPLE, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**MEMORANDUM IN SUPPORT OF VALENCELL'S
MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS**

Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff Valencell, Inc. ("Valencell") moves to dismiss Defendant Apple, Inc.'s ("Defendant" or "Apple") counterclaims for failure to state a claim.

## I.  INTRODUCTION

On December 1, 2015, several amendments to the Federal Rules of Civil Procedure became effective. Among other things, these amendments abrogated Rule 84 and Form 18. Ex. A, Order regarding amendments to the Federal Rules of Civil Procedure, at 28-29.[1] Consequently, all claims for relief must satisfy the *Twombly/Iqbal* standard. A claim for relief must do more than merely recite the elements of the cause of action. The pleading must provide factual allegations that allow the Court to conclude the opposing party is liable for the alleged misconduct. Despite this, Apple makes eight counterclaims for invalidity and non-infringement

---

[1] All exhibits are attached to the Declaration of Jonathan H. Rastegar filed concurrently herewith.

that are devoid of supporting factual allegations. Apple's apparent reliance on the now abrogated Form 18 was improper and does not excuse its obligation to satisfy the *Twombly/Iqbal* standard.

## II.     LEGAL STANDARD

Rule 8(a) requires every pleading that states a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Where a pleading fails to satisfy this obligation, dismissal is appropriate. FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotations omitted). In order to have "facial plausibility" the complaint must plead "factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Apple's counterclaims for invalidity are required to meet the *Twombly/Iqbal* standard. District courts in this Circuit and throughout the country have repeatedly held that an invalidity claim requires a detailed pleading. *See, e.g., Info. Plan. and Mgt. Serv. Inc. v. Dollar Gen. Corp.*, 2:15CV206, 2016 WL 69902, at *3 (E.D. Va. Jan. 5, 2016) (Ex. B) (holding that *Twombly* and *Iqbal* apply to invalidity claims and dismissing the same for failure to state a claim); *Neonatal Prod. Group, Inc. v. Shields*, 13-CV-2601-DDC-KGS, 2014 WL 6685477, at *12 (D. Kan. Nov. 26, 2014) (Ex. C) (same); *EMC Corp. v. Zerto, Inc.*, C.A. No. 12–956–GMS, 2014 WL 3809365, at *2 (D. Del. July 31, 2014) (Ex. D) (same); *Orientview Techs. LLC v. Seven For All Mankind, LLC,* No. 13-cv-0538, 2013 WL 4016302, at *6 (S.D.N.Y. Aug. 7, 2013) (Ex. E) (same); *Senju Pharm. Co., Ltd. v. Apotex, Inc.,* 921 F. Supp. 2d 297, 301 (D. Del. 2013) (same); *GE Lighting*

*Solutions, LLC v. Lights of Am., Inc.*, No. 1:12–CV–3131, 2013 WL 1874855, at *2 (N.D. Ohio May 3, 2013) (Ex. F) (same); *Whitserve, LLC v. GoDaddy.com, Inc.*, No. 3:11–CV–948 (JCH), 2011 WL 5825712, at *2 (D. Conn. Nov.17, 2011) (Ex. G) (same); *Tyco Fire Prods. LP v. Victaulic Co.,* 777 F. Supp. 2d 893, 898 (E.D. Pa. 2011) (same); *Xilinx, Inc. v. Invention Inv. Fund I LP*, C 11-0671 SI, 2011 WL 3206686, at *7 (N.D. Cal. July 27, 2011) (Ex. H) (same).

The abrogation of Form 18 means that Apple's counterclaims for non-infringement also must meet the *Twombly/Iqbal* standard. Prior to the amendments to the Federal Rules, some courts had ruled that the *Twombly/Iqbal* standard did not apply to counterclaims for non-infringement. *See Neonatal Prod.*, 2014 WL 6685477, at *10. However, that reasoning was premised entirely on the existence of Form 18. *Id.* The abrogation of Form 18 means that a non-infringement counterclaim must now contain more than the bare assertion that the claims are not infringed. *Iqbal*, 556 U.S. at 681.

Under the *Twombly/Iqbal* analysis, there are two steps in determining whether a pleading is sufficient. *See Iqbal*, 556 U.S. at 679. First, a court identifies the allegations that are not entitled to the presumption of truth, which includes any allegations that are "bare assertions," merely "formulaic recitation[s] of elements," or "conclusory." *Id.* at 679-681. Second, a court examines the remaining "factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. To demonstrate plausibility, a plaintiff must go beyond pleading facts that, when assumed to be true, are "merely consistent with a defendant's liability," and must instead plead facts sufficient to permit the "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556) (quotations omitted). A complaint will not suffice if it "tenders 'naked assertions' devoid of

'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Merely pleading the "bare elements of his cause of action" will result in dismissal. *Id.* at 686.

### III.   ARGUMENT AND AUTHORITIES

**A.   The Court Should Dismiss the Invalidity Counterclaims as Insufficient.**

Counts I, III, V, and VII of Apple's Counterclaims allege that the patents-in-suit are invalid. Each of these counts uses the same boilerplate language to assert invalidity:

> **COUNT VII**
> **(Declaration of Invalidity of U.S. Patent No. 8,989,830)**
>
> 36.   Apple repeats and realleges Paragraphs 1 through 35 of this Counterclaim.
>
> 37.   None of the asserted claims of the '830 patent is valid because the claims fail to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. § 101 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, and 112.
>
> 38.   In Paragraph 38 of its Complaint, Valencell alleges that the '830 patent is valid.
>
> 39.   There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of the '830 patent are valid.
>
> 40.   Apple is entitled to a judicial determination that the asserted claims of the '830 patent are invalid.

Apple Counterclaims (Dkt. No. 17) at ¶¶ 6-10; *see also id.* at ¶¶ 16-20; 26-30; 36-40. Such claims amount to nothing more than legal conclusions without any factual support.

This utter lack of factual support is legally insufficient to satisfy the *Twombly/Iqbal* standard. Apple's invalidity counterclaims fail to provide Valencell with notice of the basis for its invalidity theories. Numerous courts have found such boilerplate language to be insufficient to satisfy the *Twombly/Iqbal* standard. *See, e.g., Info. Plan.*, 2016 WL 69902, at *3 (dismissing invalidity counterclaims that "merely list code sections without referencing specific content of the sections or any facts supporting its counterclaim of invalidity."); *Neonatal*

4

*Prod.*, 2014 WL 6685477 at *12 (dismissing invalidity counterclaims that listed the statutes in the disjunctive, separated by an "and/or," as "a pure legal conclusion because it provides no facts explaining *why* the [patent] is invalid."); *EMC Corp.*, 2014 WL 3809365, at *2 (dismissing invalidity counterclaims that simply listed the statutes as "merely bare-bones legal conclusions devoid of any supporting factual allegations.").

    **B.    The Court Should Dismiss the Non-Infringement Counterclaims as Insufficient.**

Counts II, IV, VI, and VIII of Apple's Counterclaims allege that Apple does not infringe Valencell's asserted patents. As with invalidity, each of these counts uses the same boilerplate language to allege non-infringement:

> **COUNT II**
> **(Declaration of Non-Infringement of U.S. Patent No. 8,923,941)**
>
> 11. Apple repeats and realleges Paragraphs 1 through 10 of this Counterclaim.
>
> 12. None of the asserted claims of the '941 patent are directly infringed by Apple either literally and/or under the doctrine of equivalents.
>
> 13. In Paragraphs 18-19 of its Complaint, Valencell alleges that Apple has infringed and continues to infringe the '941 patent.
>
> 14. There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of the '941 patent are infringed.
>
> 15. Apple is entitled to a judicial determination that Apple has not directly infringed and/or indirectly infringed the asserted claims of the '941 patent.

Apple Counterclaims (Dkt. No. 17) at ¶¶ 11-15; *see also id.* at ¶¶ 21-25; 31-35; 41-45. Such barebones allegations without any factual support do not satisfy the *Twombly/Iqbal* standard.

5

Apple's non-infringement allegation does not identify specific products that allegedly do not infringe, instead seeking a generalized holding that it has not infringed "under any theory of infringement." Apple Counterclaims (Dkt. No. 17) at ¶ 15; *see also id.* at ¶¶ 25, 35, 45. Even before the abrogation of Form 18, courts held that non-infringement counterclaims that do not identify an accused product or relevant time period are insufficient. *PPS Data, LLC v. Availity, LLC*, 3:11-CV-747-J-37TEM, 2012 WL 252830, at *2 (M.D. Fla. Jan. 26, 2012) (Ex. I); *PPS Data, LLC v. Allscripts Healthcare Sols., Inc.*, 3:11-CV-273-J-37TEM, 2012 WL 243346, at *4 (M.D. Fla. Jan. 25, 2012) (Ex. J).

Further, Form 18 no longer applies to non-infringement counterclaims. Consequently, a counterclaim for non-infringement must plead "factual content that allows the court to draw the reasonable inference that" Apple does not infringe one or more claims of the asserted patents. *See Iqbal*, 556 U.S. at 678. Apple's Counterclaims fail to do this as they are devoid of factual content. Apple does not identify a single claim limitation that is allegedly missing from any of its products. The Court should dismiss such generalized pleadings for failing to satisfy the *Twombly*/*Iqbal* standard.

### IV.  CONCLUSION

For the foregoing reasons, Apple's counterclaims should be dismissed.

Dated: April 11, 2016

Respectfully submitted,

*/s/ Lynne A. Borchers*
Lynne A. Borchers
N.C. Bar No. 32386

**MYERS BIGEL & SIBLEY, P.A.**
4140 Parklake Avenue, Suite 600
Raleigh, North Carolina 27612
919-854-1400 (telephone)
919-854-1401 (facsimile)
lborchers@myersbigel.com

Jeffrey R. Bragalone
(admitted pro hac vice)
Texas Bar No. 02855775
Patrick J. Conroy
(admitted pro hac vice)
Texas Bar No. 24012448
Jonathan H. Rastegar
(admitted pro hac vice)
Texas Bar No. 24064043

**BRAGALONE CONROY PC**
2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
jbragalone@bcpc-law.com
pconroy@bcpc-law.com
jrastegar@bcpc-law.com

Attorneys for Plaintiff
**VALENCELL, INC.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which pursuant to Local Civil Rule 4.1(e), constitutes service on counsel of record for Defendant.

Dated: April 11, 2016                                        Respectfully submitted,

                                                                             */s/ Lynne A. Borchers*
                                                                             Lynne A. Borchers