# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

| | | |
|---|---|---|
| **VALENCELL, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **C.A. No. 5:16-CV-00001** |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **APPLE INC.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Valencell, Inc. ("Valencell") files this First Amended Complaint against Apple Inc. ("Apple" or "Defendant") for infringement of U.S. Patent Nos. 8,923,941 ("the '941 patent"); 8,886,269 ("the '269 patent"); 8,929,965 ("the '965 patent"); and 8,989,830 ("the '830 patent") (collectively "the patents-in-suit").

## THE PARTIES

1.      Valencell is a Delaware corporation with its principal place of business at 4601 Six Forks Rd., Suite 103, Raleigh, North Carolina.

2.      Apple is a California corporation with a principal place of business at 1 Infinite Loop, Cupertino, California 95014. Apple has designated CT Corporation System, 150 Fayetteville St., Box 1011 Raleigh, NC 27601-2957 as its agent for service of process.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a), as an action arising under an Act of Congress relating to patents, 35 U.S.C. §§ 1 *et seq.*; under 28 U.S.C. § 1338(b), as an action arising under an Act of Congress relating to patents joined with a claim for unfair competition; and under this Court's supplemental jurisdiction. This

Court has personal jurisdiction over Apple. Apple is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the North Carolina long-arm statute, N.C.G.S. § 1-75.4 due at least to its substantial business in this State and judicial district, including: (A) at least part of their infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to North Carolina residents.

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because, among other things, Apple is subject to personal jurisdiction in this district, has regularly conducted business in this judicial district, has committed acts of infringement in this judicial district, and certain of the acts complained of herein occurred in this judicial district. Further, a substantial part of the acts giving rise to the allegations of this Complaint occurred in this District.

## FACTUAL ALLEGATIONS

5.      On information and belief, in or around February 2013, Apple assembled a team to develop and/or implement the Apple Watch. At that time, Apple intended to incorporate a heart sensor into the Apple Watch. Around that same time, Liang Hoe, a Senior Partnership Manager at Apple, contacted Valencell regarding a partnership opportunity. Apple expressed an interest in Valencell's heart sensor technology.

6.      On information and belief, in March 2013, Apple accessed www.valencell.com (the "Valencell Website") from at least the following IP address: 17.202.109.239, which is assigned to Apple.

7.      The Valencell Website contains various white papers, which relate to its biometric sensor solutions. Valencell offers such white papers in exchange for various identifying

information regarding the downloader. On information and belief, Apple accepted this offer, but obtained such white papers by providing fictitious information. On March 27, 2013, one of the Apple agents downloaded the "PerformTek Precision Biometrics: Engaging the Burgeoning Mobile Health and Fitness Market" white paper from Valencell using a fictitious name.

8. On information and belief, Apple was aware of the licensing terms for Valencell's PerformTek Technology. In February 2015, Valencell notified Apple that the use of its technology in the Apple Watch would require a license to its patents. As confirmed by former Apple CEO Steve Jobs, Apple has "always been shameless about stealing great ideas." Apple is knowingly using Valencell's patented technology in an effort to achieve a licensing rate that is below a reasonable royalty. Apple's open infringement of Valencell's patents is harmful to Valencell's ability to license its technology to other entities.

9. On information and belief, Apple began shipping the Apple Watch on April 24, 2015. Since at least that date, Apple has sold the Apple Watch in the United States. The Apple Watch contains a heart rate sensor, which it uses to calculate the pulse of the end user.

**COUNT I**
**(Infringement of U.S. Patent No. 8,923,941)**

10. Valencell incorporates paragraphs 1 through 9 herein by reference.

11. Valencell is the assignee of the '941 patent, entitled "Methods and apparatus for generating data output containing physiological and motion-related information," with ownership of all substantial rights in the '941 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements. A true and correct copy of the '941 patent is attached as Exhibit A.

12. The '941 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. Apple has and continues to directly infringe one or more claims of the '941 patent in this judicial district and elsewhere in North Carolina and the United States without the consent or authorization of Valencell, by or through their making, having made, offering for sale, selling, importing, and/or using wearable devices incorporating a heart rate sensor, including, but not limited to the Apple Watch.

14. The Apple Watch directly infringes at least claim 14 of the '941 patent.

15. The Apple Watch is a wearable device and includes a housing and a chipset enclosed within the housing. The chipset includes at least one PPG sensor, one motion sensor, and one signal processor that is configured to process signals from the motion sensor and the PPG sensor to reduce motion artifacts from the PPG signals. The Apple Watch housing includes at least one window that optically exposes the at least one PPG sensor to a body of a subject wearing the device. The Apple Watch housing includes a non-air light transmissive material in optical communication with the at least one PPG sensor and the window.

16. Valencell has been damaged as a result of Apple's infringing conduct described in this Count. Apple is, thus, liable to Valencell in an amount that adequately compensates Valencell for Apple's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284. Further Apple's conduct, including the willful nature of its infringement, entitles Valencell to enhanced damages pursuant to 35 U.S.C. § 284.

## COUNT II
### (Infringement of U.S. Patent No. 8,886,269)

17. Valencell incorporates paragraphs 1 through 16 herein by reference.

18. Valencell is the assignee of the '269 patent, entitled "Wearable light-guiding bands for physiological monitoring," with ownership of all substantial rights in the '269

patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements. A true and correct copy of the '269 patent is attached as Exhibit B.

19. The '269 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

20. Apple has and continues to directly infringe one or more claims of the '269 patent in this judicial district and elsewhere in North Carolina and the United States without the consent or authorization of Valencell, by or through their making, having made, offering for sale, selling, importing, and/or using wearable devices incorporating a heart rate sensor, including, but not limited to the Apple Watch.

21. The Apple Watch directly infringes at least claim 1 of the '269 patent.

22. The Apple Watch is a monitoring device and includes a band that encircles a portion of the subject's body. The band includes a generally cylindrical outer body portion and a generally cylindrical inner body portion secured together in concentric relationship. The inner body portion includes a light transmissive material and has outer and inner surfaces. The inner body portion includes a layer of cladding material near the inner body portion inner surface with at least one window formed in the cladding material that serves as a light-guiding interface to the body of the subject. The Apple Watch includes at least one optical emitter and at least one optical detector attached to the band. The light transmissive material is in optical communication with the at least one optical emitter and the at least one optical detector and is configured to deliver light from the at least one optical emitter to one or more locations of the body of the subject via the at least one window and to collect light from one or more locations of the body of the subject via the at least one window and deliver the collected light to the at least one optical detector.

23. Valencell has been damaged as a result of Apple's infringing conduct described in this Count. Apple is, thus, liable to Valencell in an amount that adequately compensates Valencell for Apple's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284. Further Apple's conduct, including the willful nature of its infringement, entitles Valencell to enhanced damages pursuant to 35 U.S.C. § 284.

## COUNT III
### (Infringement of U.S. Patent No. 8,929,965)

24. Valencell incorporates paragraphs 1 through 23 herein by reference.

25. Valencell is the assignee of the '965 patent, entitled "Light-guiding devices and monitoring devices incorporating same," with ownership of all substantial rights in the '965 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements. A true and correct copy of the '965 patent is attached as Exhibit C.

26. The '965 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

27. Apple has and continues to directly infringe one or more claims of the '965 patent in this judicial district and elsewhere in North Carolina and the United States without the consent or authorization of Valencell, by or through their making, having made, offering for sale, selling, importing, and/or using wearable devices incorporating a heart rate sensor, including, but not limited to the Apple Watch.

28. The Apple Watch directly infringes at least claim 1 of the '965 patent.

29. The Apple Watch has a sensor for detecting and/or measuring physiological information from a subject. The Apple Watch includes a housing, at least one optical emitter that is supported by the housing, at least one optical detector that is supported by the housing, and a

first light guide that is supported by the housing. The first light guide is in optical communication with the at least one optical emitter. The first light guide comprises a distal end having an exposed end surface that is configured to engage a portion of a body of the subject. The first light guide is configured to deliver light from the at least one optical emitter directly into the body of the subject via the exposed end surface thereof. The Apple Watch includes a second light guide that is supported by the housing. The second light guide is in optical communication with the at least one optical detector. The second light guide includes a distal end having an exposed end surface that is configured to engage a portion of the body of the subject. The second light guide is configured to collect light directly from the body of the subject via the exposed end surface thereof and deliver collected light to the at least one optical detector.

30. Valencell has been damaged as a result of Apple's infringing conduct described in this Count. Apple is, thus, liable to Valencell in an amount that adequately compensates Valencell for Apple's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284. Further Apple's conduct, including the willful nature of its infringement, entitles Valencell to enhanced damages pursuant to 35 U.S.C. § 284.

**COUNT IV**
**(Infringement of U.S. Patent No. 8,989,830)**

31. Valencell incorporates paragraphs 1 through 30 herein by reference.

32. Valencell is the assignee of the '830 patent, entitled "Wearable light-guiding devices for physiological monitoring," with ownership of all substantial rights in the '830 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements. A true and correct copy of the '830 patent is attached as Exhibit D.

33. The '830 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

34. Apple has and continues to directly infringe one or more claims of the '830 patent in this judicial district and elsewhere in North Carolina and the United States without the consent or authorization of Valencell, by or through their making, having made, offering for sale, selling, importing, and/or using wearable devices incorporating a heart rate sensor, including, but not limited to the Apple Watch.

35. The Apple Watch directly infringes at least claim 1 of the '830 patent. The Apple Watch has a monitoring device configured to be attached to the body of a subject. The Apple Watch includes an outer layer and an inner layer secured together. The inner layer includes light transmissive material and has inner and outer surfaces. The Apple Watch includes a base secured to at least one of the outer and inner layers. The base includes at least one optical emitter and at least one optical detector. The Apple Watch includes a layer of cladding material near the outer surface of the inner layer. The Apple Watch includes at least one window formed in the layer of cladding material that serves as a light-guiding interface to the body of the subject. The light transmissive material is in optical communication with the at least one optical emitter and the at least one optical detector. The light transmissive material is configured to deliver light from the at least one optical emitter to the body of the subject along a first direction and to collect light from the body of the subject and deliver the collected light in a second direction to the at least one optical detector, and the first and second directions are substantially parallel.

36. Valencell has been damaged as a result of Apple's infringing conduct described in this Count. Apple is, thus, liable to Valencell in an amount that adequately compensates Valencell for Apple's infringements, which, by law, cannot be less than a reasonable royalty, together with

interest and costs as fixed by this Court under 35 U.S.C. § 284. Further Apple's conduct, including the willful nature of its infringement, entitles Valencell to enhanced damages pursuant to 35 U.S.C. § 284.

**COUNT V**
**(Unfair and Deceptive Trade Practices/Unfair Competition N.C.G.S § 75-1.1)**

37.     Valencell incorporates paragraphs 1 through 36 herein by reference.

38.     The actions of Apple as described above (separate and apart from the patent infringement acts) constitute unfair and deceptive trade practices and unfair competition affecting commerce and causing injury to the business and property of Valencell in violation of N.C.G.S § 75-1.1. Such actions include, but are not limited to, the misrepresentations regarding the identity of Apple's agents to Valencell.

39.     As a result of Apple's foregoing conduct, Valencell suffered actual damages.

**JURY DEMAND**

Valencell hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

Valencell requests that the Court find in its favor and against Apple, and that the Court grant Valencell the following relief:

a.     A judgment in favor of Valencell and against Apple on each of Valencell's claims;

b.     A judgment that the Apple has directly infringed the patents-in-suit;

c.     A preliminary and permanent injunction preventing Apple and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from directly infringing the patents-in-suit;

d.     A ruling that this case be found to be exceptional under 35 U.S.C. § 285, and a

judgment awarding to Valencell its attorneys' fees incurred in prosecuting this action;

e. A judgment and order requiring Apple to pay Valencell damages under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed;

f. A judgment and order requiring Apple to pay Valencell enhanced damages under 35 U.S.C. § 284;

g. A judgment and order requiring Apple to pay Valencell the costs of this action (including all disbursements);

h. A judgment and order requiring Apple to pay Valencell pre-judgment and post-judgment interest on the damages awarded;

i. A judgment and order requiring that in the event a permanent injunction preventing future acts of infringement is not granted, that Plaintiffs be awarded a compulsory ongoing licensing fee;

j. That this Court treble the damages of Valencell pursuant to § 75-16;

k. That this Court award attorney's fees to Valencell pursuant to § 75-16.1; and

l. That Valencell be granted such other and further relief as the Court may deem just and proper under the circumstances.


Dated: August 1, 2016

Respectfully submitted,

/s/ *Jonathan H. Rastegar*
Jonathan H. Rastegar

Lynne A. Borchers
N.C. Bar No. 32386
**MYERS BIGEL SIBLEY & SAJOVEC, P.A.**
4140 Parklake Avenue, Suite 600
Raleigh, North Carolina 27612
919-854-1400 (telephone)
919-854-1401 (facsimile)
lborchers@myersbigel.com

Jeffrey R. Bragalone
(admitted *pro hac vice*)
Texas Bar No. 02855775
Patrick J. Conroy

(admitted *pro hac vice*)
Texas Bar No. 24012448
Jonathan H. Rastegar
(admitted *pro hac vice*)
Texas Bar No. 24064043
**BRAGALONE CONROY PC**
2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
jbragalone@bcpc-law.com
pconroy@bcpc-law.com
jrastegar@bcpc-law.com

Attorneys for Plaintiff
**VALENCELL, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which pursuant to Local Civil Rule 4.1(e), constitutes service on counsel of record for Defendant.

Dated: August 1, 2016

Respectfully submitted,

/s/ *Jonathan H. Rastegar*
Jonathan H. Rastegar