IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CV-1-D

| | |
|---|---|
| VALENCELL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  **ORDER** |
| | ) |
| APPLE, INC., | ) |
| | ) |
| Defendant. | ) |

This case comes before the court on the unopposed motions (D.E. 36, 40, 48) filed by plaintiff Valencell, Inc. ("plaintiff") to maintain under seal: the unredacted version of the memorandum in support of a motion to transfer (D.E. 31) filed by defendant Apple, Inc. ("defendant") and Exhibit A filed in support of the motion to transfer (D.E. 31-1); the unredacted version of plaintiff's opposition to the motion to transfer (D.E. 39); and the unredacted version of defendant's reply in support of its motion to transfer (D.E. 44). No response to any of the motions to seal has been filed, and the time to do so has expired. For the reasons set forth below, the court will allow the motions to seal.

## DISCUSSION

The Fourth Circuit has directed that before sealing publicly filed documents the court must determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Doe v. Public Citizen*, 749 F.3d 246, 265-66 (4th Cir. 2014); *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection is extended to only certain judicial records and documents, for example, those filed in

connection with a summary judgment motion. *Doe*, 749 F.3d at 267. Here, the unredacted versions of the documents sought to be maintained under seal were filed in connection with a motion to transfer venue, and not in support of any motion that seeks dispositive relief. Therefore, the right of access at issue arises under the common law. *See Covington v. Semones*, No. 7:06cv00614, 2007 WL 1170644, at *2 (W.D. Va. 17 April 2007) ("In this instance, as the exhibits at issue were filed in connection with a non-dispositive motion, it is clear there is no First Amendment right of access.").

The presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The presumption "'can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Id.* (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.'" *Id.* (quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).

Here, plaintiff seeks the sealing of the aforementioned memoranda and exhibit because they contain confidential and commercially sensitive business information protected by a confidentiality agreement it contends is not directly related to the claims at issue in this litigation. Plaintiff contends that sealing the unredacted materials is needed to preserve their

confidentiality. The court agrees that the material is of a confidential nature. *See Doe*, 749 F.3d at 269 ("A corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of court records."). It therefore finds that the presumption of access has been overcome.

In addition, the public must be given notice of a request to seal and a reasonable opportunity to challenge it. *In re Knight Publishing Co.*, 743 F.2d at 235. Here, the motions were filed on 8 June 2016, 24 June 2016, and 15 July 2016, respectively. No opposition to the motions has been filed by any non-party despite a reasonable opportunity to do so.

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.* Because, as discussed, the documents have been redacted to preserve the confidential information contained therein, the court finds that alternatives to sealing the unredacted versions do not exist at the present time.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that plaintiff's motions to seal (D.E. 36, 40, 48) are ALLOWED. The Clerk shall retain the filings at Docket Entries 31, 31-1, 39, and 44 under seal in accordance with Local Civil Rule 79.2, E.D.N.C., except as may otherwise in the future be ordered by the court.

SO ORDERED, this 19th day of September 2016.

James E. Gates
United States Magistrate Judge