IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CV-1-D

| | | |
|---|---|---|
| VALENCELL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PROTECTIVE ORDER** |
| | ) | |
| APPLE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

Plaintiff Valencell, Inc. ("Valencell") and Defendant Apple Inc. ("Apple") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case (*i.e.*, the above-captioned case) and have requested that the Court enter a protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, setting forth the conditions for treating, obtaining, and using such information. Notwithstanding their agreement that a protective order is warranted in this case, they disagree as to the terms of the protective order.

The Court finds good cause for entry of this Protective Order ("Protective Order"), pursuant to Rule 26(c). The Court has resolved the Parties' material disputes as to the terms to be included in this Protective Order as set out in a separate order entered contemporaneously herewith.

## 1.  PURPOSES AND LIMITATIONS

(a)  Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)  To the extent that a Producing Party in this litigation provides Protected Material under the terms of this Protective Order to a Receiving Party, the Receiving Party shall not disclose that material to any other party in litigation involving the Patents-in-Suit, including *Valencell, Inc. v. Fitbit, Inc.*, No. 5:16-CV-00002 (E.D.N.C.), absent express written permission from the Producing Party.  This Protective Order does not confer any right to any one party in litigation involving the Patents-in-Suit to access the Protected Material of any other party in litigation involving the Patents-in-Suit.

(c)  The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Protective Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

## 2.  DEFINITIONS

(a)  "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other

things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(b) "Outside Counsel" means (i) outside counsel who have entered an appearance in this case as counsel for a Party (*see* Local Civ. Rule 5.2(a), E.D.N.C.); and (ii) partners (including "of counsel" attorneys), associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(c) "Patents-in-suit" means U.S. Patent Nos. 8,923,941, 8,886,269, 8,929,965, 8,989,830, and any other patent asserted in this action, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

(d) "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(e) "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(f) "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," as provided for in this Protective Order. Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(g) "Receiving Party" means any Party that receives Discovery Material from a Producing Party.

(h) "Source Code" means computer code, scripts, assembly, binaries, object code, source code listings, and descriptions of source code, object code listings and descriptions of object

3

code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip.

(i) "The Court" means the United States District Court for the Eastern District of North Carolina, in which this case is pending. In the event this case is transferred to another district, "the Court" shall mean the transferee district.

## 3. COMPUTATION OF TIME

The computation of any period of time prescribed or allowed by this Protective Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

## 4. SCOPE

(a) The protections conferred by this Protective Order cover not only Discovery Material governed by this Protective Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b) Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Protective Order shall preclude any Producing Party from showing its own Protected Material to an individual who prepared the Protected Material.

(c) Nothing in this Protective Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

4

(d)  This Protective Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or modification of this Protective Order in any way, including, without limitation, an order that certain matter not be produced at all.

## 5.  **DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

## 6.  **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)  <u>Basic Principles</u>.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Protective Order.

(b)  <u>Patent Prosecution bar</u>.  Absent the written consent of the Producing Party, anyone who reviews and/or receives one or more items designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall not be involved in any of the following activities: (i) advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications relating to the functionality, operation, and design of technology for monitoring, sensing, collecting, analyzing, or displaying physiological and motion-related information (generally or as described in any Patent-in-suit) before any foreign or domestic agency, including

5

the United States Patent and Trademark Office; and (ii) the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, relating to the functionality, operation, and design of technology for monitoring, sensing, collecting, analyzing, or displaying physiological and motion-related information (generally or as described in any Patent-in-suit). To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" material and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the Patents-in-suit or the functionality, operation, and design of technology for monitoring, sensing, collecting, analyzing, or displaying physiological and motion-related information (generally or as described in any Patent-in-suit). These prohibitions are not intended to and shall not preclude counsel from participating in proceedings on behalf of a Party during post-grant proceedings that may involve the validity of any patent, but are intended, inter alia, to preclude counsel from participating in or advising on, directly or indirectly, drafting or amending claims during post-grant proceedings (e.g., reexamination, inter partes review, covered business method review, or reissue proceedings) on behalf of a patentee. These prohibitions shall begin when access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials are first reviewed and/or received by the affected individual, and shall end two (2) years after the final resolution of this action, including all appeals.

(c) Export Control. The parties agree that Source Code may leave the United States and enter Canada if and only if: (1) such departure from the United States and entry into Canada occurs in the course of the work relating to this case by the Canada-based expert Valencell has indicated an intention to retain for this case; (2) prior to the Source Code leaving the United States, the Canada-based expert is disclosed and cleared pursuant to the other provisions of this Protective Order; and (3) also prior to the Source Code leaving the United States, the Canada-based expert provides to the Court, in a form reasonably satisfactory to the Parties, a written submission to the jurisdiction of the Court with respect to any remedial procedures resulting in a Protective Order violation. Under no other circumstances may any Source Code produced by a Party leave the United States.

(d) Legal Advice Based on Protected Material. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Protective Order.

(e) Limitations. Nothing in this Protective Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Protective Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

(f) Notwithstanding the provisions of this Protective Order, a Receiving Party shall not disclose the Protected Material of a Producing Party to any third party(ies) (e.g., including, but not limited to, Fitbit, Inc.) through court filings, oral argument in court, expert reports, deposition, discovery requests, discovery responses, or any other means, without the express prior written consent of the Producing Party.

## 7. **DESIGNATING PROTECTED MATERIAL**

(a) <u>Available Designations</u>. Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

(b) <u>Written Discovery and Documents and Tangible Things</u>. Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained. In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and redesignated, as appropriate, during the copying process.

(c) <u>Native Files</u>. Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this

Protective Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Paragraph 12, the Party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the designating Party and including the production number and designation associated with the native file.

(d) <u>Depositions and Testimony</u>. Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed. Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases, the court reporter shall be informed of this Protective Order and shall be required

to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material, other than the deponent, deponent's counsel, the court reporter, and the videographer (if any). Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

## 8. DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"

(a) A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b) Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i) The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii) Not more than three (3) representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that: (a) each such person has agreed to be bound by

the provisions of the Protective Order by signing a copy of Exhibit A hereto, entitled "Agreement to Be Bound by Protective Order"; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii) Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction except as expressly permitted in this Protective Order; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below.

(iv) Court reporters, stenographers, and videographers retained to record testimony taken in this action;

(v) The Court, jury, and court personnel;

(vi) Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii) Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

11

(viii) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix) Any other person with the prior written consent of the Producing Party.

## 9. DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

(a) A Producing Party may designate Discovery Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party. The Parties agree that the following information, if non-public, shall be presumed to merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

(b) Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i) The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

12

(ii) Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; (d) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction except as expressly permitted in this Protective Order; and (e) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii) Court reporters, stenographers, and videographers retained to record testimony taken in this action;

(iv) The Court, jury, and court personnel;

(v) Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vi) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(vii) Any other person with the prior written consent of the Producing Party.

(c) The Receiving Party shall maintain a written log of each outside counsel not of record who reviews and/or receives CONFIDENTIAL - ATTORNEYS' EYES ONLY material,

but may in its discretion omit any such counsel who at the time of receipt has previously received and/or reviewed any CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE material. The log shall contain the name of the outside counsel not of record who received the CONFIDENTIAL - ATTORNEYS' EYES ONLY material and the date of receipt. Upon two (2) days' advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party. The purpose of this log is to enable the Producing Party to know which outside counsel not of record have received CONFIDENTIAL - ATTORNEYS' EYES ONLY material, and not for any litigation-inspired purpose.

10. **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"**

(a) To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b) Nothing in this Protective Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(c) Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject to Paragraph 11 below, solely to:

(i) The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d

14

1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii) Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii) Court reporters, stenographers, and videographers retained to record testimony taken in this action;

(iv) The Court, jury, and court personnel;

(v) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(vi) Any other person with the prior written consent of the Producing Party.

**11.** **DISCLOSURE AND REVIEW OF SOURCE CODE**

(a) Any Source Code that is produced by Valencell shall be made available for inspection in electronic format at the Dallas office of its outside counsel, Bragalone Conroy PC,

15

or any other location mutually agreed to by the Parties. Any Source Code that is produced by Apple shall be made available for inspection at the Kansas City office of its outside counsel, Shook, Hardy & Bacon LLP, or any other location mutually agreed to by the Parties. Source Code shall be made available for inspection between the hours of 8 a.m. and 6 p.m. on business days (*i.e.*, weekdays that are not federal holidays), although the Parties shall be reasonable in accommodating reasonable requests to conduct inspections at other times.

(b) The Receiving Party may request the production of Source Code. This request may, but does not have to, be in the form of a Request for Production. After the Receiving Party requests the production of Source Code, the Producing Party shall send written notice, within thirty-three (33) days, that the Source Code is, and will continue to be, available for inspection on the Source Code Computer upon seven (7) days' notice.

(c) Source Code that is designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be produced for inspection and review subject to the following additional provisions, unless otherwise agreed by the Producing Party:

(i) All Source Code shall be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a secure room on a secured computer without Internet access or network access to other computers and on which all access ports have been disabled (except for one printer port), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room"). The Producing Party shall install tools that are sufficient for viewing and searching the Source Code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing

16

Party's business. If Apple is the Producing Party, Apple shall provide at least the review tools already discussed between the parties and approved by Apple. The Receiving Party's outside counsel and/or experts may request that other commercially available software tools for viewing and searching Source Code be installed on the Source Code Computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least fourteen (14) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

(ii) No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

(iii) The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer.

(iv) The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no unpermitted information concerning the Source Code are being created or transmitted in any way.

(v) No copies of all or any portion of the Source Code may leave the Source Code Review Room except as otherwise provided herein. Further, no other written or electronic

record of the Source Code is permitted except as otherwise provided herein. The Receiving Party may request a paper copy of limited portions of the Source Code that it believes in good faith are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the Source Code other than electronically on the Source Code Computer in the Source Code Review Room. The Producing Party shall Bates number and label "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY-SOURCE CODE" each page of Source Code it provides the Receiving Party in paper form. Within five (5) days after receiving a request from the Receiving Party for a printed copy of Source Code, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party or (ii) inform the Receiving Party that it objects that the printed portions requested are excessive and/or not done for a permitted purpose. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, either party may seek court resolution of whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action. While the dispute is pending before the Court, the Producing Party may retain the Source Code that the Producing Party objected to producing.

(vi) All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any other disclosure required under this Protective Order. All persons viewing Source Code shall sign on each day they view Source Code a log, to be maintained by the Producing Party, that shall include the

18

names of persons who enter the Source Code Review Room to view Source Code and when they enter and depart. The parties agree that the log may not be used for any litigation-inspired purpose, such as the merits of the case and impeaching experts.

(vii) Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Protective Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room. The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect. Proper identification of all authorized persons shall be provided prior to any access to the Source Code Review Room or the Source Code Computer. Proper identification requires showing, at a minimum, a photograph identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the Source Code Review Room or Source Code Computer may be denied, at the discretion of the Producing Party, to any individual who fails to provide proper identification.

(viii) Other than as provided above, the Receiving Party shall not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device. The Receiving Party shall not transmit any Source Code in any way from the Producing Party's facilities or the offices of its outside counsel of record.

(ix) The Receiving Party's outside counsel of record may make no more than four (4) additional paper copies of any portions of the Source Code received from a Producing

Party pursuant to Paragraph 11(c)(v), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. Upon two (2) days' advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party. The parties agree that the purpose of this Source Code review log is so that the Producing Party can know the extent to which others have viewed its Source Code, and not for any litigation inspired purpose, such as impeaching experts.

(x) The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use. No more than a total of ten (10) individuals identified by the Receiving Party shall have access to the printed portions of the Producing Party's Source Code (except insofar as such Source Code appears in any court filing or expert report), unless the Producing Party agrees in writing that a specified larger number of individuals may have such access.

(xi) For depositions, the Receiving Party shall not bring copies of any printed Source Code. Rather, at least five (5) days before the date of the deposition, the Receiving Party shall notify the Producing Party about the specific portions of Source Code it wishes to use at the deposition or may request that the Producing Party bring the Source Code Computer itself to the deposition, and the Producing Party shall bring printed copies of those portions to the deposition or the Source Code Computer itself for use by the Receiving Party. Copies of Source Code that are marked as deposition exhibits shall not be provided to the court reporter or attached to

deposition transcripts; rather, the deposition record shall identify the exhibit by its production numbers. All paper copies of Source Code brought to the deposition shall remain with the Producing Counsel's outside counsel for secure destruction in a timely manner following the deposition.

(xii) Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code). Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code and such Source Code shall not be filed absent agreement from the Producing Party that the confidentiality protections shall be adequate. If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a court filing, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Protective Order. Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic

copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" as provided for in this Protective Order.

12.  **NOTICE OF DISCLOSURE**

(a)  Prior to disclosing any Protected Material to any person described in Paragraphs 8(b)(ii), 8(b)(iii), 9(b)(ii), or 10(c)(ii) (referenced below as "Person") for the first time, the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:

(i)  the name of the Person;

(ii)  an up-to-date curriculum vitae of the Person;

(iii)  the present employer and title of the Person;

(iv)  an identification of all of the Person's past and current employment and consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person, including but not limited to an identification of any individual or entity with or for whom the person is employed or to whom the person provides consulting services relating to the design, development, operation, or patenting of functionality, operation, and design of technology for monitoring, sensing, collecting, analyzing, or displaying physiological and motion-related information (generally or as described in any Patent-in-suit);

(v)  an identification of all pending patent applications on which the Person is named as an inventor, in which the Person has any ownership interest, or as to which the Person

has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims; and

(vi) a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.

Further, the Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant. During the pendency of and for a period of two (2) years after the final resolution of this action, including all appeals, the Party seeking to disclose Protected Material shall immediately provide written notice of any change with respect to the Person's involvement in the functionality, operation, and design of technology for monitoring, sensing, collecting, analyzing, or displaying physiological and motion-related information (generally or as described in any Patent-in-suit), or the acquisition of intellectual property assets relating to functionality, operation, and design of technology for monitoring, sensing, collecting, analyzing, or displaying physiological and motion-related information (generally or as described in any Patent-in-suit).

(b) Within fourteen (14) days of receipt of the disclosure of the Person, the Producing Party may object in writing to the Person for good cause, stating with particularity the reasons for the objection. In the absence of an objection at the end of the fourteen (14) day period, the Person shall be deemed approved under this Protective Order. There shall be no disclosure of Protected Material to the Person prior to expiration of this fourteen (14) day period. If the Producing Party objects to disclosure to the Person within such fourteen (14) day period, the Parties shall meet and confer via telephone or in person within seven (7) days following service

of the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the Party objecting to the disclosure shall have seven (7) days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, no Protected Material shall be disclosed to the Person in question until the Court resolves the objection.

(c) Prior to receiving any Protected Material under this Protective Order, the Person must execute a copy of Exhibit A and serve it on all Parties.

(d) An initial failure to object to a Person under this Paragraph 12 shall not preclude the non-objecting Party from later objecting to continued access by that Person for good cause. If an objection is made, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the Party objecting to the disclosure shall have seven (7) days from the date of the meet and confer to seek relief from the Court. The Person may continue to have access to the Protected Material that was provided to such Person prior to the date of the objection. If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection. Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within seven (7) days after the meet and confer, further Protected Material may thereafter be provided to the Person.

## 13. CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL

(a) A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Protective Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

24

(b)  Any challenge to a designation of Discovery Material under this Protective Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)  The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection in a good faith effort to resolve the dispute.  The Producing Party shall have the burden of justifying the disputed designation;

(ii)  Failing agreement, the Receiving Party may seek a ruling from the Court that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  A Party's having stipulated to any terms of this Protective Order shall not preclude or prejudice the Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)  Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Protective Order until one of the following occurs: (a) the Party that designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

14.  **SUBPOENAS OR COURT ORDERS**

If at any time Protected Material is subpoenaed by any court or arbitral, administrative, or legislative body, the Party to which the subpoena or other request is directed, if not the

Producing Party, shall immediately give prompt written notice thereof to the Producing Party and to its counsel and shall provide the Producing Party with an opportunity to move for a protective order regarding production of the Protected Material subject to the subpoena.

**15.    FILING PROTECTED MATERIAL**

(a)  Absent written permission from the Producing Party or a court order obtained after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

(b)  If any material to be filed with the Court contains Protected Material, the filing Party shall file the materials under seal in accordance with Local Civil Rule 79.2, E.D.N.C., along with Section T of the ECF Administrative Policies and Procedures Manual cited therein (or the comparable local rule and related provisions of any transferee district), with notice served upon the Party producing the Protected Material.

**16.    INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)  The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to pre-screen such Discovery Material prior to production, shall not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)  Upon a request from the Producing Party that has inadvertently produced Discovery Material that it believes is privileged and/or protected, the Receiving Party shall immediately return such Discovery Material and all copies to the Producing Party, except for any pages

26

containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c) Within five (5) days of the Producing Party's notice and request for the return and/or destruction of privileged Discovery Material, the Producing Party shall provide a privilege log with entries for the inadvertently produced Discovery Material.

**17.** **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a) The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Protective Order shall not waive any such designation provided that the Producing Party notifies the Receiving Party that such Discovery Material is protected under one of the categories of this Protective Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Party. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Party shall return or securely destroy all Discovery Material that was not designated properly.

(b) A Receiving Party shall not be in breach of this Protective Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Protective Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Protective Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material, the Receiving Party shall treat such Discovery Material (subject to the exception in

Paragraph 17(c) below) at the appropriately designated level pursuant to the terms of this Protective Order.

(c)    Notwithstanding the above, a subsequent designation of "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials while the materials were not marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" from engaging in the activities set forth in Paragraph 6(b).

## 18.    **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)    In the event of a disclosure of any Discovery Material pursuant to this Protective Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made

(b)    Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected Material.

## 19. FINAL DISPOSITION

(a) Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Discovery Material, at the option of the Receiving Party unless the Producing Party expressly requests the extent to which the Discovery Material be returned and/or destroyed. For purposes of this Protective Order, "Final Disposition" occurs upon entry of an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b) Each Party that has received any Discovery Material shall upon request certify in writing that all such Discovery Material has been returned to the respective outside counsel of the Producing Party or destroyed pursuant to Paragraph 19(a) above. Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must redact Source Code from any pleadings, correspondence, and consultant work product that contain Source Code.

(c) The return of trial exhibits by the Court shall be governed by Local Civil Rule 79.1, E.D.N.C. (or the comparable local rule of any transferee district), notwithstanding any contrary terms in this Protective Order, including any such terms in Paragraphs 19(a) and 19(b) above.

## 20. DISCOVERY FROM EXPERTS OR CONSULTANTS

(a) Absent good cause, drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable.

(b) Reports and materials exempt from discovery under the Paragraph 20(a) above shall be treated as attorney work product for the purposes of this case and Protective Order.

(c)  Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case.  Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(d)  Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters considered by the testifying expert in forming his or her final report, trial, or deposition testimony or any opinion in this case.  No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert considered by that testifying expert in forming his or her final report, trial, or deposition testimony or any opinion in this case.

(e)  No conversations or communications between counsel and any testifying or consulting expert shall be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

(f)  Materials, communications, and other information exempt from discovery under Paragraph 20(a)–(c) above shall be treated as attorney-work product for the purposes of this case and Protective Order.

(g)  Nothing in this Protective Order, including Paragraph 20(a)–(c) above, shall alter or change in any way the requirements in Paragraph 11 regarding Source Code, and Paragraph 11 shall control in the event of any conflict.

21.  **MISCELLANEOUS**

(a)  <u>Right to Further Relief</u>.  Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Protective Order,

30

the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b) <u>Final Disposition and Retention of Jurisdiction</u>. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of this case. The Court shall retain jurisdiction after the Final Disposition of this case to hear and resolve any disputes arising out of this Protective Order. The extent to which the Court retains jurisdiction over this litigation for enforcement of the provisions of this Protective Order following the Final Disposition shall be as provided by law.

(c) <u>Successors</u>. This Protective Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d) <u>Right to Assert Other Objections</u>. By having stipulated to any terms of this Protective Order, no Party shall have waived any right it otherwise has to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence any of the Discovery Material or other material covered by this Protective Order. This Protective Order shall not constitute a waiver of the right of any Party to claim in this case or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this case or any other proceeding.

(e) <u>Burdens of Proof</u>. Except as expressly provided in this Protective Order, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which

level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f) <u>Modification by Court</u>. This Protective Order is subject to further court order based upon public policy or other considerations as provided by law, and the Court may modify this Protective Order sua sponte in the interests of justice or on other grounds as provided by law. The Court is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning Protected Material, however designated, produced under the protection of this Protective Order shall be resolved by the Court.

(g) <u>Discovery Rules Remain Unchanged</u>. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Civil Rules of the Court, or the other orders of the Court. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Civil Rules of the Court, or the other orders of the Court.

SO ORDERED, this 12th day of December 2016.

James E. Gates
United States Magistrate Judge

## EXHIBIT A

### Agreement to Be Bound by Protective Order

I, _____, acknowledge and declare that I have received

a copy of the Protective Order ("Order") in *Valencell, Inc. v. Apple Inc.*, United States District

Court, Eastern District of North Carolina, Western Division, Civil Action No. 5:16-cv-00001-D.

Having read and understood the terms of the Order, I agree to be bound by the terms of the Order

and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the

terms of the Order.

Name of individual: _____

Present occupation/job description: _____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____

Signature