IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CV-1-D

| | | |
|---|---|---|
| VALENCELL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court to memorialize and elaborate on various directives issued by the court at the discovery status conference with plaintiff Valencell, Inc. ("Valencell") and defendant Apple Inc. ("Apple") held on 13 April 2017 and to resolve various matters remaining in dispute.

**Directives regarding Discovery Requests to Valencell**

1. The portion of Valencell's 7 April 2017 motion (D.E. 155) seeking a one-week extension of the deadline in the court's 3 April 2017 Order (D.E. 153 ¶ 1) applicable to its outstanding supplemental document production that is not otherwise addressed in the instant Order is ALLOWED. Service of such supplemental document production effected by Valencell by 14 April 2017 shall be deemed timely.

2. The portion of Valencell's 7 April 2017 motion seeking reconsideration and withdrawal of the requirement in the court's 3 April 2017 Order that Valencell supplement its response to Apple's Interrogatory No. 6[1] relating to Valencell's damages claim is DENIED.[2]

---

[1] Apple's Interrogatory No. 6 reads: "Describe the factual basis for Your contention that You are entitled to recover damages, including at least the amount of damages you seek, the legal theory(ies) on which you base your damages claim (e.g., lost profit damages, reasonable royalty damages, some other form of damages, or some combination of

Valencell shall serve a complete, supplemental answer to Interrogatory No. 6, with a verification for it, as soon as practicable but in no event later than 21 April 2017. The supplemental answer shall reflect such inquiry by Valencell into the information within its possession, custody, or control regarding its damages claim, including consultation with its damages expert, as necessary, to provide a complete response as of the time it serves its supplemental answer. *See* Fed. R. Civ. P. 26(g)(1).

In making this ruling, the court rejects Valencell's contention that this interrogatory is a request that Valencell produce the report of its damages expert prematurely. Rather, it is a proper inquiry into Valencell's current position regarding its damages claim, which is, of course, subject to possible supplementation as discovery progresses. The fact that the information sought may entail contentions and opinions, including expert opinions, does not render it impermissible. *SPH Am., LLC v. Research in Motion, Ltd.*, No. 13CV2320 CAB (KSC), 2016 WL 6305414, at *4 (S.D. Cal. 16 Aug. 2016) (rejecting plaintiff's argument that it was unable to respond to interrogatory concerning damages as premature in part because "[u]nder plaintiff's theory, any contention interrogatories seeking information on damages would be rendered almost useless as they would not require responses until the eve of the close of discovery"); *Honeywell Int'l Inc. v. Furuno Elec. Co.*, No. 09-CV-3601 MJD/TNL, 2013 WL 2385224, at *4 (D. Minn. 30 May 2013) (allowing motion to compel damages interrogatory in patent case holding that contention interrogatories related to damages theories and calculations "'almost invariably will comport with the requirements of Rules 26(b)(1) and 33(c) . . . , seeking as they do, information about an inherent element of a claim'" and noting that plaintiff could supplement its response

---

the foregoing), a detailed showing of how you compute your claimed damages and the figures used in this computation, and the earliest date from which You contend you are entitled to damages from Apple."

[2] The Clerk is DIRECTED to terminate the motion at D.E. 155 as allowed in part and denied in part.

after obtaining an expert report) (quoting *U.S. ex rel Tyson v. Amerigroup Ill., Inc.*, 230 F.R.D. 538, 544 (N.D. Ill. 2005)). Supplementation by Valencell at this late stage of fact discovery is certainly appropriate. It is inconceivable that Valencell does not now have more responsive information regarding its damages claim than it has provided in its prior responses to Interrogatory No. 6, which gave very little, if any, insight into its damages claim. *Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1280 (Fed. Cir. 2012) ("This court has recognized that answers to contention interrogatories evolve over time as theories of liability and defense begin to take shape; answers to those interrogatories may not come into focus until the end of discovery. . . . Rule 26(e) requires that as theories mature and as the relevance of various items of evidence changes, responses to interrogatories, and particularly contention interrogatories, be corrected or supplemented to reflect those changes."). Absence of supplementation at this point would prejudice Apple and likely delay discovery proceedings.

3. The court DENIES without prejudice Apple's request that Valencell be compelled to respond further to Apple's Request for Production No. 67[3] regarding Valencell's efforts to obtain funding from investors; Request for Production No. 69[4] regarding research and development costs incurred by Valencell; and Request for Production No. 75[5] regarding initial public offerings by Valencell. While it is conceivable that the documents sought by each of these production requests could contain information relevant to one or more issues in this case,

---

[3] Apple's Request for Production No. 67 seeks "[a]ll documents regarding Valencell's attempt to secure funding from actual or potential investors, including but not limited to any presentations, business analyses, or other 'roadshow' documents presented to investors."

[4] Apple's Request for Production No. 69 seeks "[d]ocuments sufficient to identify and describe the research and development expenses associated with the Relevant Valencell Instrumentalities."

[5] Apple's Request for Production No. 75 seeks "[a]ll documents concerning any contemplated or planned initial public offering by Valencell, including but not limited to financial information, analyses and projections; the Relevant Valencell Instrumentalities or the Asserted Patents; and communications with underwriters, advisors, consultants, and investors."

the record does not presently show that they are likely to do so. At the same time, the production sought by each production request is extensive, the burden on Valencell of making the production significant, and the intrusion into Valencell's operations entailed by the production substantial. The production sought therefore fails to meet the proportionality standard of Fed. R. Civ. P. 26(b)(1). The denial is without prejudice because information could conceivably be developed through future investigation or discovery, including depositions, showing that the production sought is warranted at that time.

4. Apple's request that Valencell be compelled to answer more fully Apple's Interrogatory No. 4[6] seeking information about products practicing the patents in suit is ALLOWED. Valencell shall serve a supplemental answer to Interrogatory No. 4, with a verification for it, as soon as practicable but in no event later than 21 April 2017. The supplemental answer shall provide all information sought by the interrogatory, unless after reasonable inquiry into the information within its possession, custody, or control regarding the matters inquired about, including consultation with its experts, Valencell determines that it lacks possession, custody, or control over requested information. Valencell shall explain in its supplemental answer any claimed inability to provide requested information.

In compelling a further response by Valencell, the court finds that the information sought is clearly relevant to issues in this case, including the value of the patents in suit. The fact that Valencell may not maintain records containing the information sought as part of its regular

---

[6] Apple's Interrogatory 4 asks Valencell to "[i]dentify and describe in detail each product demonstrated, sold, or offered for sale in the United States by Valencell, or a licensee to the Asserted Patents or Related Applications, that practices any claim of the Asserted Patents or Related Applications, including the product's commercial name and manufacturer, the person or entity that offered to sell or sold the product, the asserted claim(s) that the product practices, the first date the product was offered for sale, the first date the product was sold, the location of the sale or offer for sale, all dates the product was demonstrated in the United States, and all material documents (by Bates number) that refer to or describe each sale, offer for sale, or demonstration."

business operations does not insulate it from answering the interrogatory. Nor does the possible need for Valencell to consult an expert to be able to provide information sought.

5. Apple's request that Valencell be compelled to answer more fully Apple's Interrogatory No. 5[7] seeking, in relevant part, information about potential agreements relating to the patents in suit or related applications is ALLOWED. Valencell shall serve a supplemental answer to Interrogatory No. 5, with a verification for it, as soon as practicable but in no event later than 21 April 2017. For purposes of the instant Order, the term "potential agreement" shall mean any agreement into which Valencell or the other party or parties to it declined to enter after Valencell communicated to the other party or parties proposed terms for the agreement. The description of the terms of each potential agreement shall include a description of the reasons why the agreement was not entered into. Except as to potential agreements not entered into because of price terms, Valencell may defer identification of the material documents that refer to or describe any potential agreement until after it has produced the other information sought by this interrogatory and the parties confer about whether Apple continues to seek such identification with respect to the potential agreement. The parties shall be prepared to address at the biweekly discovery status conference on 27 April 2017 any unresolved disputes regarding identification of such documents. Subject to such deferred identification, Valencell's supplemental answer shall respond fully to the interrogatory. As with all interrogatories,

---

[7] Apple's Interrogatory No. 5 asks Valencell to "[i]dentify and describe in detail any agreement (or potential agreement) that Valencell or the Named Inventors considered, negotiated, or executed (whether written or oral, express or implied) pertaining to the Asserted Patents or Related Applications, including, by way of example only, purchase agreements, patent assignment agreements, or exclusive or non-exclusive license agreements, and provide the identity of all parties to each agreement; the date(s) the agreement was proposed, finalized, and executed; a description of the terms of the agreement; a description of any payments, fees, or royalties received or paid under each agreement; and all material documents (by Bates number) that refer to or describe each agreement." While the interrogatory encompasses agreements entered into, not simply potential agreements, it is the court's understanding that the parties' dispute extends only to the portion of the interrogatory inquiring about potential agreements. Although Valencell voiced concern at the status conference that Apple was asking that Valencell be compelled to describe the terms of agreements that it had produced, Fed. R. Civ. P. 33(d) obviates any such description.

Valencell retains the option to produce business records in response to Interrogatory No. 4 pursuant to Fed. R. Civ. P. 33(d) to the extent that it permits.

In compelling a further response by Valencell to Interrogatory No. 4, the court finds that the likelihood that the discovery regarding potential agreements will produce information relevant to the issues in this case is sufficient to justify its scope and the burden it places on Valencell. It is, of course, conceivable that certain potential agreements may not ultimately prove to be relevant, such as if the reasons why the agreement was not entered into are extraneous to the issues in this case. It is because of that possibility, in an effort to avoid imposition of an undue burden on Valencell, that the court has provided Valencell the option of deferring identification of documents relating to potential agreements not entered into for reasons other than price until after conferral with Apple.

**Directive regarding Discovery Request to Apple**

Valencell's request that Apple be compelled to further respond to Valencell's Interrogatory No. 8 is DENIED. Interrogatory No. 8 reads: "State *with specificity* the basis for, and *all facts and circumstances* supporting or otherwise relating to, *each defense and counterclaim* asserted by you in this litigation and identify *all persons with knowledge* relevant to such defense and counterclaim, and identify *all documents and evidence* supporting such alleged defenses and/or counterclaims." (Emphasis added). This request is overbroad and unduly burdensome on its face. It essentially asks Apple to provide a detailed exposition of all evidence underlying its entire case—in addition to other information.

**Directives regarding Conferral, Stipulations, and Other Matters**

1. The parties shall continue to confer in a good faith effort to resolve without further court intervention the issue raised by Valencell with respect to Apple's source code

production.  Apple shall by 21 April 2017 make the requested source code available to Valencell or serve on Valencell an explanation as to why it contends it need not make the source code available.  The parties shall be prepared to fully address the status of this issue at the next biweekly discovery status conference on 27 April 2017.

2. The parties' stipulation extending until 21 April 2017 the deadline to serve supplemental answers to various interrogatories is APPROVED, and the parties shall serve the supplemental answers to these interrogatories by 21 April 2017.

3. The parties shall continue to confer in a good faith effort to resolve without further court intervention the issue of Valencell's identifying to Apple particular categories of documents it has produced to Apple or withheld from production.  Such identification need not be on a request-by-request basis.  The court believes that Valencell has (or should have) the ability to provide identifying information of the sort sought and that provision of such information would facilitate Apple's review of the documents Valencell has produced and ascertainment of outstanding areas of dispute.  The parties shall be prepared to fully address the status of this issue at the next biweekly discovery status conference on 27 April 2017.

4. Except as expressly modified in the instant Order, all deadlines and other terms in the 3 April 2017 Order and the 27 March 2017 Order (D.E. 146), as modified by the 3 April 2017 Order, remain in effect, including in particular the requirements in paragraphs 8 to 10 of the 3 April 2017 Order and paragraph 1.h of the 27 March 2017 Order regarding collectively same-day service, rolling production, and conferral by telephone or in-person, which shall be deemed applicable to the directives in the instant Order as if set forth herein.

5. The instant Order is not intended to address all directives announced at the 13 April 2017 discovery status conference. Directives not addressed herein remain in full force and effect.

SO ORDERED, this 17th day of April 2017.

James E. Gates
United States Magistrate Judge