IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CV-1-D

| | | |
|---|---|---|
| VALENCELL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court to memorialize and elaborate on various directives issued by the court at the discovery status conference with plaintiff Valencell, Inc. ("Valencell") and defendant Apple Inc. ("Apple") held on 27 April 2017 and to resolve various matters remaining in dispute.

1.      The court DENIES without prejudice Valencell's request that Apple be compelled to respond further to Valencell's Interrogatory No. 10[1] regarding alleged non-infringing alternatives/substitutes available to Apple during the relevant time frame.  While the information sought by this interrogatory is potentially relevant to one or more issues in this case, the court finds Apple's response to this interrogatory to be adequate at this time.  If, after further proceedings, Apple receives additional information responsive to this interrogatory, it shall supplement its response as required.

---

[1] Valencell's Interrogatory No. 10 to Apple reads:  "State and describe all facts related to all alleged non-infringing alternatives/substitutes and/or allegedly acceptable non-infringing alternatives/substitutes available to Apple during the relevant timeframe, including, but not limited to, (a) the noninfringing alternative/substitute; (b) why such non-infringing alternative/substitute was acceptable (including, but not limited to, acceptability to Apple and Apple's customers); (c) the costs associated with such non-infringing alternative/substitute; (d) the availability of such noninfringing alternative/substitute (including where it was available and when it was available); and (e) all persons with knowledge of such non-infringing alternative/substitute."

2. Valencell's request that the court order Apple to reduce its number of corporate designees is DENIED without prejudice. Valencell has not demonstrated at this time good cause for the relief sought.

3. Valencell's renewal of its request that Apple provide unredacted copies of documents relating to unannounced products is DENIED without prejudice. Apple has complied with the court's prior directive to provide declarations confirming that Apple's redaction relate to unannounced products. *See* 3 Apr. 2017 Order (D.E. 153) ¶ 4. The court disagrees that the declarations provided pursuant to this directive demonstrate that Apple is withholding relevant information. That said, this ruling does not prohibit Valencell from inquiring about this topic during depositions of Apple witnesses or from renewing its motion should a change in circumstances justify its doing so.

4. Apple's request, consented to by Valencell, that Valencell reproduce emails and attachments previously produced out of sequential order is ALLOWED. Valencell shall make this reproduction as soon as practicable, but in no event later than tomorrow, 29 April 2017.[2]

5. Apple's request that it be permitted an extension of time to depose Valencell witnesses because of the delay by Valencell in producing the foregoing emails and attachments in sequential order is ALLOWED IN PART and DENIED IN PART. Apple seeks an extension equaling the amount of time beyond the original production deadline of 7 April 2017 that it takes Valencell to produce the emails and attachments in sequential order. Assuming Valencell completes the reproduction by tomorrow, as provided herein, the requested extension would be for 22 days. The court finds a more appropriate measure of the extension to be the period Apple can reasonably be deemed to require to review the reproduction, taking into account the fact that

---

[2] At the status conference, Valencell agreed, and the court directed it, to make the reproduction by the close of business today. In an updated representation from Valencell's counsel received today, Valencell advises that for technical reasons it may not be able to complete the production until tomorrow.

2

it previously received the documents although not in sequential order as well as the 2 June 2017 fact discovery deadline. The court finds this period to be one and a half weeks or 8 business days. Accordingly, absent consent by Apple, no depositions of Valencell's witnesses shall be conducted before 10 May 2017. This extension shall not serve as a basis for delaying any depositions of Apple witnesses.[3]

6.     Apple's request, consented to by Valencell, that Valencell produce agreements and communications relating to third-party devices is ALLOWED. Valencell shall produce the five agreements it has identified and agreed to produce by 6:00 p.m. (Eastern Standard Time) today. This production shall be accompanied by a duly signed response to the request for production to which the production is responsive. Valencell shall make any further supplementation of such production request as required.

7.     Apple's request that Valencell be compelled to answer more fully its responses to discovery requests seeking information relating to alleged downloads of white papers from Valencell's website is ALLOWED. Valencell shall serve on Apple as soon as practicable but in no event later than noon (Eastern Standard Time) on Monday, 1 May 2017, a supplemental response, with a verification, to Apple's Interrogatory No. 10 identifying by name, address, and telephone number the third-party vendor responsible for hosting Valencell's website at all times relevant to this case through the date of the response. In addition, Valencell shall serve on Apple as soon as practicable but in no event later than 5 May 2017 any documents relating to Valencell's website and its functionality at all times relevant to this case through the date of the

---

[3] Counsel for Fitbit, Inc. in *Valencell, Inc. v. Fitbit, Inc.*, No. 5:16-CV-2-D ("the *Fitbit* case"), who remained for the discovery status conference in the instant case after the discovery status conference in the *Fitbit* case concluded, requested that any extension allowed in the instant case also be allowed in the *Fitbit* case (as to both parties, if possible) to keep the two cases on the same discovery track. As reflected in an order being entered contemporaneously herewith in the *Fitbit* case, the court finds that an extension comparable to the one in the instant case is not needed in the *Fitbit* case to keep the two cases on the same discovery track and that no other basis for such an extension in the *Fitbit* case has been shown. The court is therefore not denying the request for a comparable extension in the *Fitbit* case.

response within Valencell's possession, custody, or control that are responsive to Apple's Requests for Production Nos. 46, 52, 53, and 55 that Valencell has previously withheld on the grounds that they are not within the scope of Fed. R. Civ. P. 36, not relevant, beyond the scope of discovery, being requested prematurely, or properly sought from the third-party vendor in the first instance. Any documents served shall be accompanied by a duly executed response to the production request seeking them.

8. Except as expressly modified in the instant Order, all deadlines and other terms in the 17 April 2017 Order (D.E. 164), the 3 April 2017 Order, and the 27 March 2017 Order (D.E. 146), as modified by the 3 and 17 April 2017 Orders, remain in effect, including in particular the requirements in paragraphs 8 to 10 of the 3 April 2017 Order and paragraph 1.h of the 27 March 2017 Order regarding collectively same-day service, rolling production, and conferral by telephone or in-person, which shall be deemed applicable to the directives in the instant Order as if set forth herein.

9. The instant Order is not intended to address all directives announced at the 27 April 2017 discovery status conference. Directives not addressed herein remain in full force and effect.

SO ORDERED, this 28th day of April 2017.

_____
James E. Gates
United States Magistrate Judge

4