IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-1-D

VALENCELL, INC.,                    )
                                    )
                    Plaintiff,      )
                                    )
        v.                          )          **ORDER**
                                    )
APPLE INC.,                         )
                                    )
                    Defendant.      )

On November 23, 2016, Apple Inc. ("Apple") moved to stay the above-captioned action

pending resolution of Inter Partes Review ("IPR") of U.S. Patent Nos. 8,886,269 ("the '269 Patent"),

8,923,941 ("the '941 Patent"), 8,929,965 ("the '965 Patent"), 8,989,830 ("the '830 Patent"), before

the Patent Trial and Appeal Board ("PTAB") [D.E. 96] and filed a memorandum in support [D.E.

97]. On December 14, 2016, Valencell, Inc., ("Valencell") responded in opposition [D.E. 103]. On

December 27, 2016, Apple replied [D.E. 109].

For the reasons set forth in Apple's memorandum in support and reply, as well as the PTAB's

institution of IPR for the patents [D.E. 195], a stay this action is warranted. Thus, the court grants

Apple's motion to stay.

On February 6, 2017, the court denied Apple's motion to transfer [D.E. 127]. On March 31,

2017, Apple moved for reconsideration of the court's order denying Apple's motion to transfer [D.E.

149], filed a memorandum in support [D.E. 150], and moved to seal its memorandum in support

[D.E. 151]. On April 21, 2017, Valencell responded in opposition [D.E. 169]. On May 4, 2017,

Apple replied [D.E. 174].

Apple moves for reconsideration under Federal Rule of Civil Procedure 54(b). See [D.E. 150] 8. Under Rule 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment." Courts may grant such orders within their discretion, and the standard for reconsidering a non-final order is less demanding than the standard for reconsidering a final judgment. See, e.g., Carlson v. Boston Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017). A court may revise an interlocutory order if substantially new facts come to light, if the applicable law changes, or if the court determines it made a clear error resulting in a manifest injustice. See id.

In this court's order denying Apple's motion to transfer, the court held that the forum-selection clause in the second confidentiality agreement did not cover this case. See [D.E. 127] 3–4. Apple argues that the court failed to apply California law to interpret the forum-selection clause in its second confidentiality agreement with Valencell.

California law does not help Apple. The forum-selection clause in the second confidentiality agreement covered "any litigation arising out of this Agreement." [D.E. 31-1] 12–13. Numerous courts have held that "arising out of" forum-selection clauses are narrower than forum-selection clauses that cover, for example, litigation "arising out of or related to" an agreement, or "arising out of or in connection with" an agreement. See [D.E. 127] 3–4. The former apply to disputes that involve the interpretation, performance, or non-performance of an underlying contract; the latter apply more broadly to claims with substantial relationships to an underlying contract. See id. Although neither Apple nor Valencell cites a case in which a California court analyzes an "arising out of" forum-selection clause, this court predicts, based on the weight of precedent from other courts, that California courts would interpret the clause the same way. See Cape Flattery Ltd. v.

Titan Mar., LLC, 647 F.3d 914, 921–22 (9th Cir. 2011); Phillips v. Audio Active, Ltd., 494 F.3d

378, 389–90 (2d Cir. 2007); Am. Recovery Corp. v. Computerized Thermal Imaging, Inc., 96 F.3d

88, 92–93 (4th Cir. 1996); Omron Healthcare, Inc. v. Maclaren Exps. Ltd., 28 F.3d 600, 602 (7th Cir.

1994); Mediterranean Enters. v. Ssangyong Corp., 708 F.2d 1458, 1463–64 (9th Cir. 1983); Harley

v. Bank of N.Y. Mellon, No. 1:15-CV-1384, 2015 WL 6956564, at *3 (M.D. Pa. Nov. 10, 2015)

(unpublished).

The California precedent Apple cites does not compel the conclusion that the forum-selection

clause in the second confidentiality agreement applies in this case. In Nedlloyd Lines B.V. v.

Superior Court of San Mateo County, 3 Cal.4th 459, 462–63, 834 P.2d 1148, 1149–1150 (1992), the

Supreme Court of California considered a forum-selection clause stating that a contract would be

"governed by" the law of Hong Kong. The Supreme Court of California considered the application

of the forum-selection clause to a suit "alleging in essence that [the defendant] breached express and

implied obligations under" the contract. Id. at 463, 834 P.2d at 1150. The court used familiar

language to explain the broad scope of that provision, holding that it covered "all causes of action

arising from or related to [the] agreement, regardless of how they are characterized, including

tortious breaches of duties emanating from the agreement or the legal relationship it creates." Id. at

470, 834 P.2d at 1155 (emphasis added); see Cal-State Bus. Prods. & Servs., Inc. v. Ricoh, 12

Cal.App.4th 1666, 1676 (Ct. App. 1993).[1] Like many other courts, the Supreme Court of California

---

[1] Apple also cites Rudgayzer v. Google, Inc., 986 F. Supp. 2d 151, 156–57 (E.D.N.Y. 2013),
which applied Nedlloyd and other California cases to a forum-selection clause that covered "any
legal matter arising from the Terms" to a "claim arising from the parties' contract-based
relationship." To the extent the Eastern District of New York's interpretation of California law in
Rudgayzer would require transfer in this case, this court disagrees with that conclusion. See, e.g.,
Audio Mktg. Servs., S.A.S. v. Monster Cable Prods., Inc., No. 12-04760 WHA, 2013 WL 633202,
at *2 (N.D. Cal. Feb. 20, 2013) (unpublished).

in Nedlloyd apparently recognized that "arising from or related to," was the way to describe a forum-selection clause's broad coverage. The Supreme Court of California did not hold that all forum-selection clauses govern related claims as well as directly contractual claims, and it did not address a forum-selection clause using the "arising under" language. Therefore, Apple has failed to demonstrate that this court's interpretation of the "arising under" forum-selection clause was incorrect, and reconsideration on this basis is denied.

On August 1, 2016, Valencell amended its complaint and added allegations that Apple willfully infringed Valencell's patents. 2d Am. Compl. [D.E. 53] ¶¶ 16, 23, 30, 36. The court did not address these amendments in its February 2017 order denying Apple's motion to transfer. Apple argues that the amendment brings Valencell's lawsuit within the scope of the second confidentiality agreement's "arising under" forum-selection clause because proof of willful infringement would involve showing knowledge Apple gained while the parties' relationship was governed by the second confidentiality agreement, which contained the forum-selection clause. [D.E. 150] 3–8. In support, Apple cites Valencell's attempts to obtain through discovery records of communications between the parties made while the second confidentiality agreement was in effect. See id.

Merely because the parties spoke with each other pursuant to a confidentiality agreement does not bring within the scope of an "arising under" forum-selection clause any cause of action for which the facts include the parties' communications. Rather, to fall within the scope of an "arising under" clause, the cause of action must be based on the contract itself. See, e.g., Cape Flattery Ltd., 647 F.3d at 921–22; Phillips, 494 F.3d at 389–90; Am. Recovery Corp., 96 F.3d at 92–93; Omron Healthcare, Inc., 28 F.3d at 602; Mediterranean Enters., 708 F.2d at 1463–64; Harley, 2015 WL 6956564, at *3. Therefore, Apple has failed to demonstrate that Valencell's amendment of its complaint to include claims that Apple willfully infringed Valencell's patents sweeps this action

within the scope of the second confidentiality agreement's forum-selection clause, and reconsideration on this basis is denied.

In sum, the court GRANTS Apple's motion to stay [D.E. 96]. The action is STAYED pending completion of the IPR. Magistrate Judge Gates retains authority to resolve any pending discovery matters. Apple's motions for summary judgment [D.E. 79], to supplement its invalidity contentions [D.E. 110], and to file a supplemental memorandum in support of its motion for summary judgment [D.E. 202] are DENIED without prejudice. Apple's motion for reconsideration [D.E. 149] is DENIED. Apple's motion to seal [D.E. 151] is GRANTED.

SO ORDERED. This 28 day of June 2017.

JAMES C. DEVER III
Chief United States District Judge