IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CV-1-D

| | |
|---|---|
| VALENCELL, INC., | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| APPLE, INC., | ) |
| Defendant. | ) |

This case comes before the court on the unopposed motion (D.E. 160) filed by plaintiff Valencell, Inc. ("plaintiff") to maintain under seal the unredacted version of the court's 29 March 2017 Order (D.E. 147) resolving a motion to compel (D.E. 118) filed by defendant Apple, Inc. ("defendant"). No response to the motion to seal has been filed, and the time to do so has expired. For the reasons set forth below, the court will allow the motion to seal.

## DISCUSSION

The Fourth Circuit has directed that before sealing publicly filed documents the court must determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Doe v. Public Citizen*, 749 F.3d 246, 265-66 (4th Cir. 2014); *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection is extended to only certain judicial records and documents, for example, those filed in connection with a summary judgment motion. *Doe*, 749 F3d. at 267. Here, the unredacted court order relates to a motion to compel, and not a motion that seeks dispositive relief. Therefore, the right of access at issue arises under the common law. *See Covington v. Semones*, No. 7:06cv00614, 2007 WL

1170644, at *2 (W.D. Va. 17 April 2007) ("In this instance, as the exhibits at issue were filed in connection with a non-dispositive motion, it is clear there is no First Amendment right of access.").

The presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The presumption "'can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Id.* (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.'" *Id.* (quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).

Here, plaintiff seeks the sealing of the aforementioned unredacted court order because it contains confidential and commercially sensitive business information protected by a confidentiality agreement. Plaintiff contends that sealing the unredacted order is needed to preserve the information's confidentiality. The court agrees that the redacted material is of a confidential nature. *See Doe*, 749 F.3d at 269 ("A corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of court records."). It therefore finds that the presumption of access has been overcome.[1]

---

[1] The court notes that matters addressed within the unredacted court order were generally discussed in open court during the 16 March 2017 hearing on defendant's underlying motion to compel, albeit with less specificity than is contained in the unredacted court order. *See* 16 Mar. 2017 Min. Entry (D.E. 142); 16 Mar. 2017 Trans. (D.E. 161). No effort was made by plaintiff or any other party to maintain the transcript of that court proceeding under seal and

2

In addition, the public must be given notice of a request to seal and a reasonable opportunity to challenge it. *In re Knight Publishing Co.*, 743 F.2d at 235. Here, the motion was filed on 10 April 2017. No opposition to the motion has been filed by any non-party despite a reasonable opportunity to do so.

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.* Because, as discussed, the order has been redacted to preserve the confidential information contained therein, the court finds that alternatives to sealing the unredacted version of it do not exist at the present time.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that plaintiff's motion to seal (D.E. 160) is ALLOWED. The Clerk shall retain the filing at Docket Entry 147 under seal in accordance with Local Civil Rule 79.2, E.D.N.C., except as may otherwise in the future be ordered by the court.

SO ORDERED, this 29th day of March 2018.

James E. Gates
United States Magistrate Judge

---

accordingly it is and has been publicly available. Because the unredacted court order contains more detailed information and cites to documents previously sealed by the court, the court finds that the presumption of access nevertheless has been overcome. Plaintiff is cautioned, however, that lack of diligence in maintaining the confidentiality of information discussed in open court (or in court filings) would militate against a determination that the presumption of access to such information has been overcome.

3